IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
APR 29 2002
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| F STREET INVESTMENTS, INC., A TEXAS CORPORATION F/K/A HYGEIA DAIRY COMPANY | § § § § | |
| PLAINTIFF, v. SOUTHERN FOODS GROUP, L.P. AND SUIZA FOODS CORPORATION | § § § § § § | CIVIL ACTION NO. B-02-001 |
| DEFENDANTS. | § § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE

1.  **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

    The parties conducted an initial Rule 26(f) conference by telephone on April 16, 2002 and continued their discussions on April 26, 2002. Plaintiff's counsel Peter Holzer and defendants' counsel Jerry Beane and Kay Lynn Brumbaugh participated in both conferences.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    Plaintiff F Street is the debtor in bankruptcy in the Chapter 11 matter, filed March 27, 2000, bearing cause no. 00-20953-B-11 in the Southern District of Texas, Brownsville Division.

    Defendants believe that certain issues raised by plaintiff in this case, in particular the contract claims, may be more appropriately dealt with in F Street's bankruptcy proceeding.

3.  **Specify the allegation of federal jurisdiction.**

    Defendants removed this case from state court based on federal question jurisdiction arising from the federal antitrust claims alleged by plaintiff.

    Plaintiff believes that this Court also has bankruptcy jurisdiction.

4.  **Name the parties who disagree and the reasons.**

    None.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Plaintiff anticipates it may add additional parties. In particular, plaintiff may add as defendants companies that are related to the current defendants.

6. **List anticipated interventions.**

   None at this time.

7. **Describe class-action issues.**

   Not applicable.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have agreed to complete initial disclosures by May 31, 2002. The disclosures will contain the identity and purpose of witnesses and sources and types of documents.

9. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   Regarding Rule 26(f)(1) and (3), the parties do not believe that any changes regarding disclosures or discovery limitations are needed at this time. Regarding Rule 26(f)(4), the parties do not believe that any other orders need be entered at this time.

   With respect to Rule 26(f)(2) regarding discovery, plaintiff anticipates structuring discovery in phases, concentrating in the first phase on the plaintiff's contract claims and filing a motion or motions for partial summary judgment on those claims, and focusing in the second phase on plaintiff's antitrust claims.

   B. **When and to whom the plaintiff anticipates it may send interrogatories.**

   Within the next 30 days, plaintiff anticipates serving interrogatories on defendants Southern Foods and Suiza.

   C. **When and to whom the defendant anticipates it may send interrogatories.**

   Within the next 10 days, defendants anticipate serving interrogatories on plaintiff.

D.  **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates deposing all of the defendants' experts, any persons listed by defendants with knowledge of relevant facts, and any persons plaintiff identifies as having knowledge of relevant facts, all on or before the date designated by the Court for expiration of discovery.

E.  **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking the oral deposition of Lee Richards and possibly other representatives and former employees of Hygeia and the depositions of experts designated by plaintiff. Defendants may take additional depositions of persons designated as having knowledge of relevant facts over the course of discovery, all on or before the date designated by the Court for the expiration of discovery.

F.  **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff anticipates that it will be able to designate experts in approximately 9 months. Defendants anticipate that they will be able to designate experts within 30 days of the depositions of plaintiff's experts as provided in the Court's scheduling order.

G.  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking depositions of all experts designated by Defendants within the time provided by the Court.

H.  **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Defendants anticipate taking depositions of all experts designated by plaintiff within the time provided by the Court.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    There are no disagreements at this time.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Plaintiff has served requests for admissions and production on both defendants.

12. **State the date the planned discovery can reasonably be completed.**

   Based on present claims alleged, the parties currently estimate it will take one year to complete discovery.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   Counsel agree that settlement may be possible after initial disclosures and sufficient discovery is completed.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   Counsel for the parties agree to cooperate on the exchange of information in order to evaluate the case for resolution.

15. **From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

   Mediation may be appropriate after sufficient discovery is completed.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   The parties have not agreed to consent to trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

   A timely jury demand has been made.

18. **Specify the number of hours it will take to present the evidence in this case.**

   The parties believe that should all issues currently pled, including plaintiff's antitrust claims, require a jury determination, the trial may last two weeks.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   None at this time.

20. **List other motions pending.**

   None at this time.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None at this time.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

*Nathaniel P. Holzer/by permission MJU*

Nathaniel Peter Holzer
**Attorney-in-Charge**
State Bar No. 00793971
Southern Dist. Bar No. 21503
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Phone: (361) 884-5678
Fax: (361) 888-5555

AND

Michael J. Urbis
State Bar No. 20414130
Southern Dist. Bar No. 15132
*Jordan, Hyden, Womble & Culbreth, P.C.*
2390 Central Blvd., Suite G
Brownsville, Texas 78520
Telephone: (956) 542-1161
Telecopier: (956) 542-0051

**COUNSEL FOR PLAINTIFF F STREET INVESTMENTS, INC., A TEXAS CORPORATION F/K/A HYGEIA DAIRY COMPANY**

*/s/ Jerry L. Beane* w/permission mjy
see attached

JERRY L. BEANE
Attorney-in-Charge
State Bar No. 01966000
Southern Dist. Bar No. 8993
KAY LYNN BRUMBAUGH
State Bar No. 00785152
Southern Dist. Bar No. 21341
STRASBURGER & PRICE L.L.P.
901 Main Street, Suite 4300
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Telecopier)

AND

EDUARDO R. RODRIGUEZ
State Bar No. 17144000
ALISON KENNAMER
State Bar No. 112804000
RODRIGUEZ, COLVIN & CHANEY
1201 East Van Buren
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 (Telecopier)

**ATTORNEYS FOR DEFENDANTS
SOUTHERN FOODS GROUP, L.P. AND SUIZA
FOODS CORPORATION (NOW DEAN FOODS COMPANY)**

*[signature]*

JERRY L. BEANE
Attorney-in-Charge
State Bar No. 01966000
Southern Dist. Bar No. 8993
KAY LYNN BRUMBAUGH
State Bar No. 00785152
Southern Dist. Bar No. 21341
STRASBURGER & PRICE L.L.P.
901 Main Street, Suite 4300
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Telecopier)

AND

EDUARDO R. RODRIGUEZ
State Bar No. 17144000
ALISON KENNAMER
State Bar No. 112804000
RODRIGUEZ, COLVIN & CHANEY
1201 East Van Buren
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 (Telecopier)

**ATTORNEYS FOR DEFENDANTS
SOUTHERN FOODS GROUP, L.P. AND SUIZA
FOODS CORPORATION (NOW DEAN FOODS COMPANY)**