

## Civil Courtroom Minutes

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ■ Roberts    □ Lehrman |
| DATE | ~~03-05~~ 05 — 13 — 02 |
| TIME | ___ a.m. — ___ a.m. |
| | 1:30 p.m. — 2:00 p.m. |
| CIVIL ACTION | B — 02 — 01 |
| STYLE | F STREET INVESTMENTS, INC. *versus* SOUTHERN FOOD GROUPS, L.P. |

United States District Court
Southern District of Texas
FILED

MAY 1 3 2002

Michael N. Milby
Clerk of Court

DOCKET ENTRY

(HGT)   ■ Scheduling Conference;   (Court Reporter: Breck Record)

Attorney(s) for Plaintiff(s):   Nathaniel Peter Holzer and Michael J. Urbis

Attorney(s) for Defendant(s):   Jerry L. Beane, Allison Kennamere, Kay Lynn Brumbaugh

■   Comments:

The Judge asked Plaintiff's attorney to discuss the impact of the bankruptcy proceeding on the present case. Mr. Holzer replied that he did not believe there would be a direct impact. Regarding the one-year discovery period, Mr. Holzer stated that this amount of time was need primarily because of the antitrust claims. He stated the Parties expect two phases for discovery: the first would deal with breach of contract claims and then dispositive motions; the second phase would involve discovery for the antitrust claims, review by experts, and finally any dispositive motions. He noted that there would be a large number of documents to review. As to additional parties, Mr. Holzer stated that there may be additional corporate parties added as Defendants stated that the Parties proposed August 1, 2002 as the deadline for adding additional parties.

Defendants' attorney Beane agreed with this date and added that the Parties expected to provide experts by January, 2003, and one year to complete discovery. He noted that he expected that

dispositive motions could be expected on the antitrust claims as well. He noted that to succeed on their claims that Defendants sold product below cost (i.e., engaged in predatory pricing), Plaintiffs must be able to show that the Defendants had the expectation or ability to be able to recoup these costs later. He stated that Plaintiffs allege that Defendants had forty-five percent market share, but that this meant that the majority of the market was not under Defendants' control and was still too competitive to establish market dominance.

Mr. Beane stated that mediation was a possibility after the depositions of the officers and management personnel of all the businesses involved.

Plaintiff's attorney Holzer described the subparts to the breach of contract claim. He noted that he expected dispositive motions on the breach of contract claims to be forthcoming soon, approximately ten days after discovery is completed. He noted that he probably doesn't agree with Plaintiff's attorney Beane that summary judgment motions can be completed on only deposition evidence. He states he will probably need to examine records and have experts review documents.

The Judge advised the Parties to confer with themselves and then the Case Manager regarding the Scheduling Order.