IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 0 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| F STREET INVESTMENTS, INC., § <br> A TEXAS CORPORATION F/K/A § <br> HYGEIA DAIRY COMPANY, § <br>     Plaintiff, § <br> § <br> VS. § <br> § <br> DEAN FOODS COMPANY F/K/A § <br> SUIZA FOODS CORPORATION, AND § <br> SOUTHERN FOODS GROUP, L.P. § <br>     Defendants. § <br> § <br> § | CIVIL ACTION B-02-001 <br><br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND
CONDITIONAL MOTION FOR SEVERANCE**

Plaintiff F Street Investments, Inc., f/k/a Hygeia Dairy Company ("**Old Hygeia**") moves for a partial summary judgment on the issues of liability and the amounts due for Defendants' breaches of contract regarding (a) Old Hygeia's wholesale receivables totaling $230,317.43 that were collected by Defendants and not paid over; (b) an unpaid reimbursement of $7,315.00 for Christmas parties; (c) $6,325.02 worth of ice cream dollies; (d) pre and post judgment interest on the foregoing; (e) its escrowed funds not subject to indemnity claims; and (f) attorneys fees. Old Hygeia conditionally moves for severance and entry of a final judgment on any of its contract claims for which it prevails as to both liability and amount. Old Hygeia further moves for a summary judgment as to liability only, with the issue of damages to be reserved for the jury, for Defendants' intentional conversion of Old Hygeia's property.

# I.
## SUMMARY OF RELIEF SOUGHT BY THIS MOTION

1.    When Old Hygeia sold its business to Southern Foods Group, L.P., Old Hygeia retained ownership of all its accounts receivable that had been created as of November 30, 1999.

Defendants agreed to collect Old Hygeia's accounts receivable in a commercially reasonably manner for a 120 day period and pay all such accounts receivables that were collected to Old Hygeia. Defendants paid Plaintiff a large portion of the receivables it collected but has collected $230,317.43 of Old Hygeia's receivables and failed to completely account for or remit those collected funds. Old Hygeia has sued Defendants for breach of contract to recover its funds and for conversion due to its wrongful exercise of dominion and control over Old Hygeia's property in denial of and inconsistent with Old Hygeia's rights, and by this motion seeks a summary judgment on those parts of its complaint.

2.  From the proceeds of the sale, $500,000.00 of Old Hygeia's money was escrowed under the terms of the Escrow Agreement. A portion of this escrowed fund is subject to indemnity claims of Defendants; however, Old Hygeia is entitled to immediate release of $370,000.00 from the Escrow Account, plus related interest, which sum is being wrongfully withheld by Defendants. Old Hygeia has sued Defendants for breach of contract to recover these funds and for conversion due to its wrongful exercise of dominion and control over Old Hygeia's property in denial of and inconsistent with Old Hygeia's rights, and by this motion seeks a summary judgment on those parts if its complaint.

3.  Defendants promised to reimburse Old Hygeia's expenses incurred for Christmas parties in December of 1999 at two manufacturing plants that were part of the sale, and at which Defendants had rehired many of Old Hygeia's former employees. The unpaid amount due for Christmas parties is $7,135.00. Old Hygeia has sued Defendants for breach of contract to recover these funds and by this motion seeks a summary judgment on that part of its complaint.

4.  Defendants owe Old Hygeia $6,325.02 for ice cream dollies that Old Hygeia delivered to Defendants' branch in Wichita Falls and which were not returned. Had the dollies been returned they would have been counted as inventory and increased the sale price. Old

Hygeia has sued Defendants for breach of contract to recover the value of these items and for conversion due to its wrongful exercise of dominion and control over Old Hygeia's property in denial of and inconsistent with Old Hygeia's rights, and by this motion seeks a summary judgment on that part if its complaint.

5. Old Hygeia is entitled to pre and post interest on all the unpaid sums (except for the funds in escrow, which are earning interest) beginning on the 180th day after it made a claim until the date paid, and because Defendants' conduct breached their contract with Old Hygeia, Old Hygeia is also entitled to all its reasonable attorney fees and costs incurred. By this motion Old Hygeia seeks a summary judgment on those parts of its complaint.

## II.
## SUMMARY JUDGMENT EVIDENCE

6. In support of this motion Old Hygeia submits the following exhibits as evidence:

A   Asset Purchase Agreement (less exhibits)
B   Escrow Agreement
C   Affidavit of Doug Purl with attached business records (C-1, C-2 & C-3)
D   Letter from Old Hygeia's counsel to Defendants' counsel dated September 15, 2000
E   Letter from Old Hygeia's counsel to Chase Bank dated September 15, 2000
F   Letter from Defendants' counsel to Old Hygeia's counsel dated September 18, 2000
G   Letter from Old Hygeia's counsel to Defendants' counsel dated September 26, 2000 (with attachment)
H   Letter from Defendants' counsel to Chase Bank dated October 4, 2000
I   Letter from Defendants' counsel to Old Hygeia's counsel dated October 4, 2000
J   Letter from Old Hygeia's counsel to Defendants' counsel dated October 5, 2000
K   Letter from Defendants' counsel to Old Hygeia's counsel dated February 28, 2001
L   Letter from Old Hygeia's counsel to Defendants' counsel dated March 9, 2001
M   Letter from Defendants' counsel to Old Hygeia's counsel dated May 10, 2002
N   Letter from Defendants' counsel to Old Hygeia's counsel dated May 24, 2002
O   Letter from Defendants' counsel to Old Hygeia's counsel dated July 1, 2002
P   Moreno's proof of claim
Q   Docket sheet from *Moreno* lawsuit
R   Affidavit of Nathaniel Peter Holzer
S   Summary Spreadsheet Of Invoices, Denied Amounts, And Interest
T   Defendants' Responses to Old Hygeia's Second Set of Requests For Admissions
U   Excerpts from deposition of Wallace Norwood
V   Affidavit of Marta Gaddis, C.P.A.

## III.
## FACTS AND ARGUMENT

### A. Facts Concerning Accounts Receivable Collected And Not Paid Over

7. Old Hygeia sold virtually all its operating assets to Defendant Southern Foods Group, L.P. ("**Southern**") effective November 30, 1999. The sale was documented by an Asset Purchase Agreement ("**APA**") and a related Escrow Agreement. [Exhibits A & B].

8. Under the APA, Southern contracted to collect Old Hygeia's Accounts Receivable[1] in a commercially reasonable manner for 120 days and remit all funds so collected to Old Hygeia. See Exhibit A, p. 35, ¶12.14, which states in pertinent part:

> [Southern] agrees to attempt to collect the Accounts Receivable on behalf of [Old Hygeia] on a commercially reasonable basis and forward the proceeds of its collection efforts to [Old Hygeia] within five business days following the receipt by [Southern]. Payments received by [Southern] which apply to both [Southern's] and [Old Hygeia's] accounts receivable shall be paid to [Old Hygeia] in the amount equal to the portion of the payment attributed to the Accounts Receivable of [Old Hygeia]. . . .

9. As of December 1, 1999, and for the next 120 days, Southern Food Group, L.P., assumed control over all funds received as payment of F Street's Accounts Receivable. [Exhibit C, ¶ 3] Defendants have collected and are currently in possession of $230,317.43 in funds attributable to Old Hygeia's Accounts Receivable. [Exhibit C, ¶ 4; Exhibit C-1; Exhibit S] Old Hygeia made a demand for Defendants to return its property [Exhibit J, p. 2, ¶ 5a] and specifically identified its property that Defendants possessed. [Exhibit G] On several occasions Old Hygeia sent Defendants other lists of its Accounts Receivable, similar to the one in Exhibit G, and also spent much time on the telephone in numerous calls with Defendants attempting to obtain return of its property. [Exhibit C, ¶ 5]. Defendants refused to give Old Hygeia its

---

[1] Capitalized terms not otherwise defined within this motion have the meaning ascribed to them in the APA.

property except for a partial payment of $44,598.52 on November 27, 2000 [Exhibits C, ¶ 9 & C-3], and another partial payment of $31,930.07 on May 24, 2002. [Exhibits N & O].

10. The amount of Old Hygeia's Accounts Receivable that Defendants collected and kept is proved by three different methods:

METHOD 1 – Old Hygeia analyzed its records of unpaid accounts, invoice by invoice, and then obtained verification from each customer that the invoices had been paid. [Exhibit C, ¶ 6; Exhibit C-1]. During this process many of Old Hygeia's former customers refused to provide copies of the cancelled checks and would only voluntarily provide Old Hygeia with the check number, date and amount. [Exhibit C, ¶ 7]. The total of Old Hygeia's Accounts Receivable that were collected and kept by Defendants as calculated by this method is $230,317.43 [Exhibit C, ¶¶ 4 & 6; Exhibit C-1].

METHOD 2 – Starting with the outstanding balance due on all of its Accounts Receivable that existed as of the date of the sale, Old Hygeia then reduced that total by the amounts that Defendants actually did pay and also applied all other applicable reductions, credits, And offsets. [Exhibit C ¶¶ 11 - 17][2]. This method of calculation results in an amount due of $230,339.40, which is an immaterial difference of only $21.97 more than the amount due as calculated using Method 1.[3] [Exhibit C ¶¶ 18 & 19].

METHOD 3 – Old Hygeia asked Southern to admit or deny its receipt of Old Hygeia's money for each of its invoices listed on Exhibit C-1, and Southern responded by denying it had received payments for a number of those invoices. [Exhibit T; Exhibit S, columns K & L]. However, Old Hygeia had obtained copies of some of its customers' cancelled checks as proof of payment. [Exhibit C, ¶ 7 & 8; Exhibit C-2 and attachments A-AA; Exhibit S, column

---

[2] F Street is not waiving its claim against Defendants for the unpaid receivables arising from the retail milk delivery business, those sums due are just not a part of this motion for partial summary judgment.

---

H]. Southern formally denied in its written discovery responses its collection of $74,665.26 of Old Hygeia's Accounts Receivable for which Old Hygeia has copies of cancelled checks proving that Southern did in fact collect them. [Exhibit C-2 and attachments A-AA; Exhibit S, columns H, K & L; Exhibit T].

11.  In their efforts to fulfill their obligation to collect and turn over Old Hygeia's Accounts Receivable, Defendants put a person they had just hired in charge. [Exhibit U, Norwood depo, 27/8-15; 39/23]. He was instructed to keep Old Hygeia's money separated from the Defendants' money [Id. 27/9-11], but Defendants may not have segregated Old Hygeia's funds from their own [Id. 44/20 - 45/9] Defendants had to abandon the computer system they were using to account for Old Hygeia's receivables about three months into the 120 day period because it was not a very good system, was not very well developed, was "about halfway done," and was "a problem". [Id. 36/15-37/5; 39/3]. Defendants had two receivables clerks running the collection operation in the beginning; there were several different persons doing the accounting work on collection of Old Hygeia's Accounts Receivable during their 120 day contractual collection period, some of whom were subsequently laid off. [Id., 39/21 – 41/8]. Defendants did not have a written policy on documentation of bank deposits at the time. [Id. 45/18-20] Defendants had no internal auditing function in the San Antonio office at the time. [Id. 46/16-18]. Defendant's Controller who had overall responsibility for the collection of Old Hygeia's Accounts Receivable did not know if Defendants were having any problems with the system they had set up to account for, collect and remit Old Hygeia's Accounts Receivable. [Id. 39/4-20] In November, 2000, Defendants sent Old Hygeia a check for $44,598.52 as payment for Accounts Receivable it had collected and not previously remitted—which was about eight months after Defendants 120 day collection period was supposed to have ended. [Exhibit C-3] In May of

---

[3] Old Hygeia waives prosecution of the $21.97 difference.

2002, Defendants sent Old Hygeia a check for $31,930.07 as payment for Accounts Receivable it had collected and not previously remitted—which was over two years after Defendants got the money and their 120 day collection period was supposed to have ended. [Exhibit N; Exhibit S, columns G & I].

B. **Motion Concerning Accounts Receivable Collected And Not Paid Over**

12. There is no material fact issue that Defendants breached the APA by collecting and failing to remit $230,317.43 of Old Hygeia's Accounts Receivable. Old Hygeia has proven Defendant's collection of the Accounts Receivable and the amount, and has further proven that Defendants have no idea how much they actually collected because their accounting system is a mess. Defendants' bookkeeping practices for its custody and care of the Accounts Receivable entrusted to their collection were deplorable, and in such disarray it is no wonder they have no clue what was collected or not. The fact that they located $31,930.07 of Old Hygeia's collected Accounts Receivable almost two years after the expiration of the 5 day deadline for payment is proof of how bad the Defendants bookkeeping systems really were. The fact that they formally denied receipt of Old Hygeia's funds when Old Hygeia has copies of cancelled checks proving they did is the icing on the cake. In contrast, Old Hygeia's books and records are accurate and reliable and have proven the amounts due by two different independent methods that provided virtually the same figures for the amount due. Any attempt by Defendants to create a fact issue based on their own defective record keeping should be given no credence by the Court.

13. Old Hygeia therefore moves for a summary judgment that Defendants breached the contract with Old Hygeia in this respect and owe Old Hygeia $230,317.43. If summary judgment is granted, Old Hygeia asks that the Court sever the summary judgment from this case and enter a final judgment thereon. Should the Court determine that Old Hygeia is entitled to

summary judgment on only a portion of this claim, Old Hygeia asks that the Court sever that partial summary judgment from this case and enter a final judgment thereon.

C.  **Facts Concerning Withholding Of Plaintiff's Funds in Escrow**

14. Under the Escrow Agreement Section 3(d) [Exhibit B, p. 2] the parties agreed as follows:

> Five Hundred Thousand Dollars ($500,000) of the Escrow Money will be held by Escrow Agent for a period of 120 calendar days from the date of this Agreement and will be available to satisfy Indemnity Claims and Inventory Claims. Upon the expiration of such 120 calendar day period, the Escrow Agent will distribute to [Old Hygeia] the sum of Four Hundred Thousand Dollars ($400,000) less the amount of any Indemnity Claims or Inventory Claims that have been received by Escrow Agent . . . One Hundred Thousand Dollars ($100,000) of the Escrow Money will continue to be held by Escrow Agent to satisfy Indemnity Claims until the first anniversary of the date of this Agreement, at which time Escrow Agent will distribute the balance of the Escrow Money to [Old Hygeia] less the amount of any Indemnity Claims that have been received by Escrow Agent.

15. There were no Inventory Claims. [Exhibit C, ¶ 20; Exhibit M]. Defendants have made Indemnity Claims under the Escrow Agreement that Old Hygeia does not dispute totaling $70,327.42. [Exhibit J, p. 1; Exhibit M] Disputed Indemnity Claims currently total $49,328.43, inclusive of Defendants Indemnity Claims for litigation expenses related to the *Moreno* and *Gonzales* lawsuits [Exhibit M]. The total amount of Defendants' Indemnity Claims is $119,655.85 plus any additional amounts that may be incurred in the *Moreno* lawsuit. [Exhibit M]

16. The Indemnity Claim related to the *Gonzales* lawsuit is capped because Southern is no longer in the case. [Exhibit M] Defendants have never provided Old Hygeia with any documentation to support the amount of their Indemnity Claims arising from their costs of defending the *Moreno* and *Gonzales* lawsuits. [Exhibit C, ¶ 21]

17. The Indemnity Claim for the *Moreno* lawsuit cannot substantially increase because Moreno's claims against Southern in that lawsuit are confronted with a motion for

summary judgment that Southern filed over two years ago and to which Moreno never filed a responsive pleading. [Exhibit Q, docket entry #12]. At the last hearing in the *Moreno* lawsuit before Judge Hinojosa, Moreno's counsel admitted in open court on the record that the law controlling his claims against Southern was bad for his position. [Exhibit R, ¶ 4] The reason Defendants are still parties to the *Moreno* lawsuit is their own decision not to seek severance of the case against them from the case against F Street; when Old Hygeia recently sought similar relief, Judge Hinojosa denied Old Hygeia's motion and instead invited the Defendants to seek severance if they wanted to have a hearing on their motion for summary judgment. [Exhibit Q, docket entries #19 & #23; Exhibit R, ¶ 4] The *Moreno* lawsuit concerns a claim of a former Old Hygeia employee for which Old Hygeia had insurance coverage and on which the insurer is providing a defense. [Exhibit C, ¶ 22]. Moreno filed a proof of claim in Old Hygeia's bankruptcy for $200,000.00. [Exhibit P]

18. The deadline for Defendants to make any additional Indemnity Claims has long since expired. [Exhibit A, p. 27, ¶ 11.3].

19. Pursuant to section 3(d) of the Escrow Agreement, $400,000.00 was to have been released to Old Hygeia on March 29, 2000, less any unresolved Indemnity Claims as provided for by the APA, and the remaining $100,000.00 was to have been released on December 1, 2000. [Exhibit B, p. 3, ¶ 3(d)]. Old Hygeia made timely written demand for release of its funds, [Exhibits D, E, J, & L] but Defendants have refused and instead instructed the escrow agent to withhold distribution of all of Old Hygeia's funds. [Exhibits H, I, & M].

D. **Motion Concerning Withholding Of Plaintiff's Funds in Escrow**

20. There is no material fact issue regarding Old Hygeia's current entitlement to $370,000.00 (plus related interest) out of the Escrow Account. [Exhibits B, D, E, J, & M]. As of March 29, 2000, and December 1, 2000, Old Hygeia was the legal owner and was entitled to

possession of its escrowed and segregated property, less amounts set aside for Indemnity Claims. Defendants' Indemnity Claims do not currently entitle them to any portion of Old Hygeia's funds in escrow because Defendants are in possession of Old Hygeia's Accounts Receivable in an amount that is more than twice the amount of their Indemnity Claims and Old Hygeia asserts a right of setoff.[4] [Exhibits M & P, see facts and argument, *supra*].

21. The Defendants rely solely on the tenuous claim that remains pending against Southern in the *Moreno* lawsuit to prevent Old Hygeia from regaining possession of its property. Importantly, for purposes of this motion, Old Hygeia is not seeking the release of any funds from the escrow account that it admits it may owe for Indemnity Claims or which are still the subject of a dispute as to whether indemnity is owed or not. Once the release of its funds is made, there will still be a cushion of over $10,000.00 for any additional attorneys fees Defendants might incur in seeking severance of Moreno's claim against Southern from the claims of Moreno against Old Hygeia, and for a hearing (if such would even be necessary) and entry of their long overdue summary judgment dismissing Southern from the case. Note also, that while Old Hygeia does not dispute its contractual obligation to indemnify Defendants for its costs to defend the *Gonzales* and *Moreno* lawsuits, or for any eventual judgment against Southern in the *Moreno* suit (although the likelihood of Moreno getting a judgment against Southern is so implausible as to bear no consideration), the legal fees must be reasonable and so Old Hygeia reserves the right

---

[4] Old Hygeia's setoff rights are clearly recognized under Texas law as described in *Bandy v. First State Bank, Overton, Tex.*, 835 S.W.2d 609, 618 (Tex.1992):

> See *Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528, 33 S.Ct. 806, 808, 57 L.Ed. 1313 (1913) (right of setoff "grounded on the absurdity of making A pay B when B owes A"); *Norris v. Commercial Bank*, 231 Ala. 204, 163 So. 798, 801 (1935) ("It is generally held that where parties have cross-demands against each other, the real indebtedness is the excess of one debt over the other"); *Sullivan v. Merchants' Nat'l Bank*, 108 Conn. 497, 144 A. 34, 34 (1928) (purpose of doctrine to prevent "circuity of actions"); 8 GEO. 2, ch. 24, 4. [FN3] *See generally* Michael E. Tigar, Comment, *Automatic Extinction of Cross-demands: Compensation*

to dispute the amounts claimed upon review of the lawyers bills and upon receiving proof of actual payment by Defendants of the amounts claimed. Such dispute could only reduce the overall amount of Defendants' Indemnity Claims. Moreno's claim is limited as a matter of law to the amount on his proof of claim, $200,000.00, so even assuming Moreno wins it all, $170,000.00 of Hygeia's property has been tied up by Defendants for almost two years with absolutely no justification at all. The fact that Moreno never responded to Southern's motion is telling, as is his lawyer's admission in open court that the law is against his client with respect to the claims against Southern. Finally, Moreno's claims against Hygeia are insured, which further reduces the likelihood that Moreno even cares about seeking a judgment against Southern. In fact, had Southern sent counsel to the April 2002 hearing with Judge Hinojosa, it is quite possible that the matter would be done with by now.

22.   Old Hygeia therefore moves for a summary judgment that Defendants breached the contract with Old Hygeia in this respect, and seek an order directing Defendants to send a letter of instruction to Chase Bank for immediate release of $370,000.00 of Old Hygeia's property, plus related earned interest. If summary judgment is granted, Old Hygeia asks that the Court sever the summary judgment from this case and enter a final judgment thereon.

23.   Should the Court determine that Old Hygeia is entitled to summary judgment on only a portion of this claim, Old Hygeia asks that the Court order a letter to the escrow agent releasing that amount and the interest related to that amount and then sever the summary judgment from this case and enter a final judgment thereon.

---

*from Rome to California*, 53 CAL.L.REV. 224 (1965) (tracing the history of setoff to Roman law). The doctrine has continuing vitality today. TEX.R.CIV.P. 97.

### E. Facts Concerning Failure To Reimburse For Christmas Parties

24. In December, 1999, Mr. Purl, president of Old Hygeia, spoke on the telephone with Rick Beamon, a person he knew was in a position of authority with Defendant. [Exhibit C, ¶ 23]. Mr. Beamon told Mr. Purl that Defendant would reimburse all of Old Hygeia's expenses for the 1999 Christmas parties at the Harlingen and Corpus Christi plants. [Exhibit C, ¶ 24]. The total of Old Hygeia's expenses for the 1999 Christmas parties at the Harlingen and Corpus Christi plants was $7,135.00. [Exhibit C, ¶ 24]. Old Hygeia made demand for payment on September 15, 2000. [Exhibit D]. As of the date of Mr. Purl's Affidavit, none of these expenses have been repaid. [Exhibit C, ¶ 24].

25. There is no material fact issue regarding Old Hygeia's current entitlement to $7,135.00 in reimbursement for Christmas parties. Old Hygeia therefore moves for a summary judgment that Defendants breached a contract with Old Hygeia in this respect and owe Old Hygeia $7,135.00. If summary judgment is granted, Old Hygeia asks that the Court sever the summary judgment from this case and enter a final judgment thereon.

### F. Failure To Return Or Pay For Ice Cream Dollies

26. Defendants' Wichita Falls branch owes Old Hygeia $6,325.02 for ice cream dollies that were not returned. [Exhibit C, ¶ 25]. Had the dollies been returned they would have been counted as inventory and increased the sale price. [Exhibit A, p.7, ¶ 4.2].

27. There is no material fact issue regarding Old Hygeia's current entitlement to $6,325.02 for ice cream dollies that were not returned. Old Hygeia therefore moves for a summary judgment that Defendants breached the contract with Old Hygeia in this respect and owe Old Hygeia $6,325.02. If summary judgment is granted, Old Hygeia asks that the Court sever the summary judgment from this case and enter a final judgment thereon.

G.  **Interest**

28. Defendants owe Old Hygeia interest on its Accounts Receivable that were collected and kept, on its unpaid reimbursement for Christmas parties, and on the value of its ice cream dollies, at 10% simple interest per year, without compounding, from the 180th day after they received written notice of the claims to the date Defendants give Old Hygeia back its property. Texas Finance Code 304.003; *International Turbine Services, Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir.2002); *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex.1998) (Texas common law allows prejudgment interest to accrue at same rate as postjudgment interest on damages awarded for breach of contract.) Written notice of the claim with respect to the Accounts Receivable was received by Defendants' counsel on September 26, 2000. [Exhibit G] The 180th day after this written notice was March 25, 2001. Written notice of the claim with respect to the Christmas party expenses and the ice cream dollies was received by Defendants' counsel on October 5, 2000. [Exhibit J] The 180th day after this demand was April 4, 2001.

29. With regard to the $31,930.07 paid on May 24, 2002, the interest owed as of the date Old Hygeia's money was returned was $3,717.90. [Exhibit S, column M].

30. With regard to the $74,665.26 of Old Hygeia's Accounts Receivable that Defendants' denied having collected but for which Old Hygeia has copies of cancelled checks proving they did, the amount due as of September 10, 2002 is $10,923.65. [Exhibit S, column N]. Interest on this sum continues to accrue at $20.46 per day. [Exhibit V, ¶ 8]

31. With regard to all of Old Hygeia's Accounts Receivable that Defendants have collected and not paid over, the amount of interest due as of September 10, 2002, is $35,749.54. [Exhibit S, column O]. Interest on this sum continues to accrue at $63.10 per day. [Exhibit V, ¶ 9]

32. With regard to the ice cream dollies and the unpaid reimbursements for Christmas parties, the amount of interest due as of September 10, 2002 is $1,936.03. [Exhibit S]. Interest on this sum continues to accrue at $3.69 per day. [Exhibit V, ¶ 10]

### H. Attorneys Fees

33. Old Hygeia has incurred and will incur $42,500.00 in reasonable attorney fees and expenses due to Defendants breaches of contract, plus an additional $20,000.00 should any judgment awarded be appealed by Defendants to the Court of Appeals, and an additional $20,000.00 more for any further appeal by Defendants to the Supreme Court.. [Exhibit R, ¶ 5]. There is no issue of material fact as to the amount of fees and expenses, or that the amount was reasonable and necessary, or that Old Hygeia is entitled to recover its attorneys fees and expenses pursuant to the Texas Civil Practice and Remedies Code.

### I. Conversion

34. The elements of a cause of action for conversion under Texas law are as follows:

> Conversion is the wrongful exercise of dominion and control over another's property in denial of or inconsistent with the owner's rights. *Bandy v. First State Bank,* 835 S.W.2d 609, 622 (Tex.1992). In order to prevail, the plaintiffs must show that, at the time of the conversion, they were the legal owners, had legal possession, or were entitled to legal possession of the property. *Whitaker v. Bank of El Paso,* 850 S.W.2d 757 (Tex.App.--El Paso 1993, no writ). Additionally, they must demand return of the property and demonstrate the defendant's refusal to do so. *Id.*

*W.G. Pettigrew Distributing Co. v. Borden, Inc.,* 976 F.Supp. 1043, 1057 (S.D.Tex. 1996)(italics added). Old Hygeia has satisfied all these elements as a matter of law and is entitled to summary judgment on the issue of the Defendants' liability for converting its receivables, its ice cream dollies, and a substantial portion of its escrowed funds. There is no material factual dispute that Old Hygeia was the legal owner and was entitled to legal possession of its ice cream dollies as of December 1, 1999, of its receivables within 5 days after Defendants collected them, and of its

escrowed funds on the dates they were to be released pursuant to the APA. Old Hygeia therefore requests that the Court enter a judgement holding Defendants liable for conversion and that the judgment remain an interlocutory judgment in this case, that the judgment be published to the jury with a proper instruction, and that the jury thereafter determine the amount of damages, if any, to assess against Defendants for their acts of conversion.

## IV.
## CONCLUSION

35. According to the Federal Rules of Civil Procedure, the moving party for summary judgment must show that "there is no genuine issue as to any material fact" and that it "is entitled to a judgment as a matter of law." FED R. CIV. P. 56(c). In this case, such elements are satisfied for all the causes of action addressed in this motion.

WHEREFORE, Old Hygeia requests this Court enter a partial summary judgment determining that Defendants breached their contract with Old Hygeia and owe $230,317.43 of its collected but unremitted receivables, $370,000.00 of its money from the escrow account, $7,315.00 owed for the Christmas parties, $6,325.02 owed for the value of the ice cream dollies, pre judgment interest on the foregoing, all its reasonable attorneys fees, and post judgment interest on the entire amount of the judgment at 10% per annum. Old Hygeia requests a summary judgment as to liability only on its cause of action for conversion. Old Hygeia further requests that any summary judgment granted as to both liability and amount be severed from this case and a final order be entered.

Respectfully submitted,



Nathaniel Peter Holzer, Attorney in Charge
State Bar No. 00793971/Admissions No. 21503
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555
**ATTORNEYS FOR PLAINTIFF
F STREET INVESTMENTS, INC. F/K/A
HYGEIA DAIRY COMPANY**

Of Counsel:
Michael J. Urbis
State Bar No. 20414130
Southern Dist. Bar No. 15132
***Jordan, Hyden, Womble & Culbreth, P.C.***
2390 Central Blvd., Suite G
Brownsville, Texas 78520
Telephone: (956) 542-1161
Telecopier: (956) 542-0051
**COUNSEL FOR PLAINTIFF F STREET
INVESTMENTS, INC., A TEXAS CORPORATION
F/K/A HYGEIA DAIRY COMPANY**

## CERTIFICATE OF SERVICE

I, Nathaniel Peter Holzer, hereby certify that a true and correct copy of the foregoing instrument was served on the following attorneys of record by First Class Mail, postage prepaid, on this the 10th day of September, 2002.

Jerry L. Beane
Kay Lynn Brumbaugh
STRASBURGER & PRICE, L.L.P.
901 Main Street, Suite 4300
Dallas, TX 75202

Eduardo R. Rodriguez
Alison Kennamer
RODRIGUEZ, COLVIN & CHANEY
1201 East Van Buren
Brownsville, TX 78522



Nathaniel Peter Holzer

# F Street v. Southern Foods
### CIVIL ACTION B-02-001

## Motion for Partial Summary Judgment Exhibit List

A  Asset Purchase Agreement
B  Escrow Agreement
C  Affidavit of Doug Purl with attached business records (C-1, C-2 & C-3)
D  Letter from Old Hygeia's counsel to Defendants' counsel dated September 15, 2000
E  Letter from Old Hygeia's counsel to Chase Bank dated September 15, 2000
F  Letter from Defendants' counsel to Old Hygeia's counsel dated September 18, 2000
G  Letter from Old Hygeia's counsel to Defendants' counsel dated September 26, 2000 (with attachment)
H  Letter from Defendants' counsel to Chase Bank dated October 4, 2000
I  Letter from Defendants' counsel to Old Hygeia's counsel dated October 4, 2000
J  Letter from Old Hygeia's counsel to Defendants' counsel dated October 5, 2000
K  Letter from Defendants' counsel to Old Hygeia's counsel dated February 28, 2001
L  Letter from Old Hygeia's counsel to Defendants' counsel dated March 9, 2001
M  Letter from Defendants' counsel to Old Hygeia's counsel dated May 10, 2002
N  Letter from Defendants' counsel to Old Hygeia's counsel dated May 24, 2002
O  Letter from Defendants' counsel to Old Hygeia's counsel dated July 1, 2002
P  Moreno's proof of claim
Q  Docket sheet from *Moreno* case
R  Affidavit of Nathaniel Peter Holzer
S  Summary of Exhibits C-1, C-2, G, & T, plus interest calculation
T  Defendants' Responses to Old Hygeia's Second Set of Requests For Admissions
U  Excerpts from deposition of Wallace Norwood
V  Affidavit of Marta Gaddis, C.P.A.